O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates, Series 2007-1, its assignees and/or successors,<br><br>Plaintiff,<br>v.<br>Alfred McZeal, and DOES 1-20, inclusive,<br><br>Defendant(s). | Case No.: 2:24-cv-04719-MEMF-MRW<br><br>**ORDER GRANTING *EX PARTE* MOTION TO REMAND [ECF NO. 12]** |

Before the Court is an *Ex Parte* Motion to Remand filed by Plaintiff HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates, Series 2007-1, its assignees and/or successors ("HSBC"). ECF No. 12. For the reasons stated herein, the Court hereby GRANTS the *Ex Parte* Motion to Remand and Remands the action back to state court.

/ / /

1

**SUMMARY OF ORDER FOR *PRO SE* LITIGANT ALFRED MCZEAL JR.**

HSBC began this lawsuit against you on September 13, 2023, seeking to evict you (for unlawful detainer). You removed the case from state court to this federal court twice, most recently on June 5, 2024. You argued that your case should be heard by this federal court for two different reasons: (1) since the case involves a federal law (federal question jurisdiction), and (2) since you and HSBC are from different states and since the case is worth more than $75,000 (diversity jurisdiction). This Order will explain why this federal court does not have either federal question or diversity jurisdiction to hear your case. This Order will explain why it is GRANTING HSBC's Motion to Remand your case back to the state court, and it will discuss the legal authority that supports this conclusion.

The Court cannot provide legal advice to any party, including you. There is a free "*Pro Se* Clinic" that can provide information and guidance about bringing or defending a lawsuit in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

/ / /

## I. Factual Allegations[1]

The present lawsuit concerns the parcel of real property located at 2620 Fashion Avenue, Long Beach, CA 90810 ("Subject Property"). *See* Compl. ¶ 1. Plaintiff HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates, Series 2007-1 ("HSBC") came to own the Subject Property after it was sold at a trustee's sale. *Id.* ¶ 8. Specifically, Defendant Alfred McZeal ("McZeal") was a former trustor or holder occupant of the former trustor of the Subject Property. *Id.* ¶ 5. McZeal defaulted under the terms of the Deed of Trust which secured the Subject Property, and a Notice of Default and Breach of Conditions of the Deed of Trust and Election to Sell the Property were recorded in the Office of the County Recorder of Los Angeles. *Id.* ¶ 9. After McZeal failed to cure the default, a Trustee's Sale of the Property was noticed, and HSBC purchased the Subject Property at the trustee's sale. *Id.* ¶¶ 10, 11. The Trustee's Deed Upon Sale was recorded in the County Recorder's office, perfecting HSBC's title to the Subject Property. *Id.* ¶ 11.

On December 20, 2022, McZeal was served with written notice requiring "All Persons in Possession" of the Subject Property to "quit and deliver up possession of the property." *Id.* ¶ 12. However, McZeal "failed and refused to deliver up possession of the Subject Property" following the expiration of the written notice. *Id.* ¶ 13. McZeal continues to possess the Subject Property without HSBC's consent. *Id.* ¶ 14. McZeal passed away, ECF No. 8 at 30 (death certificate), and in 2021, non-party Vien Phuong Thi Ho, through Grant Deed, conveyed title in the Subject Property to Alfred McZeal, Jr. ("McZeal, Jr."), ECF No. 8 at 32–33.[2]

## II. Procedural History

HSBC filed suit against McZeal in the Los Angeles County Superior Court on September 13, 2023. *See* Compl. The Complaint alleges only one cause of action for unlawful detainer following a

---

[1] The following factual allegations are derived from HSBC's Complaint. ECF No. 1 at 19–22 ("Compl."). These allegations are included as background. At this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

[2] All citations herein refer to the CM/ECF pagination.

foreclosure sale action pursuant to California Code of Civil Procedure section 1161a. *See id.* HSBC seeks restitution of the Subject Property and damages no greater than $10,000. *See id.*

After being served with the Complaint, McZeal, Jr.[3] removed the action to this court in December of 2023. *See HSBC Bank USA National Association v. Alfred McZeal, Jr et al*, No. 2:23-cv-09636-ODW (C.D. Cal. 2023) ("Related Case"), ECF No. 1. The court *sua sponte* remanded the case to the Superior Court for lack of subject matter jurisdiction. *See* Related Case, ECF No. 10.

McZeal, Jr. again removed the action to this Court on June 5, 2024. ECF No. 1 ("Notice of Removal"). McZeal, Jr. claims to have discovered "new grounds for removal" on May 31, 2024, after moving the state court for summary judgment. ECF No. 10 at 5. Because he is entitled to judgment in the state case, but he himself is not a named defendant, the argument goes, novel constitutional issues—invoking this Court's jurisdiction—have been raised. *See id.* McZeal, Jr. then filed an Amended Notice of Removal, ECF No. 8 ("Amended Notice"), a Supplement to the Amended Notice, ECF No. 10 ("Supplement"), and Exhibit 10 to the Amended Notice, ECF Nos. 13 and 14. The Amended Notice alleges that this Court retains both diversity jurisdiction and federal question jurisdiction over the case at bar. Amended Notice at 3. Specifically, McZeal, Jr. argues that the Court has diversity jurisdiction over the action because McZeal, Jr., a citizen of Texas, is the true owner of the property, not McZeal, who has been dead since 2015, and as such there is diversity of citizenship between HSBC (a citizen of New York) and the proper defendant, McZeal, Jr. (a citizen of Texas). Amended Notice at 14. Moreover, McZeal, Jr. alleges that the amount in controversy exceeds $75,000 because the Subject Property is valued at $1.1 million and McZeal, Jr. seeks civil damages in excess of $3 million and punitive damages amounting to $1 million. *Id.* at 14, 16. McZeal, Jr. also argues that the Court has federal question subject matter jurisdiction because McZeal, Jr. seeks to assert claims under federal law and the constitution, specifically due process

---

[3] McZeal, Jr. lists himself as a third-party in his Notice of Removal, but it appears that McZeal, Jr. is a named defendant in the state court action. *See* Amended Notice at 5 (referring to himself as "the third party defendant in this matter"); ECF No. 14 at 5 ("The summons and complaint are amended to include the claimants [McZeal, Jr. and Vien Ho] as defendants, and the defendants are deemed served."). As such, the Court treats McZeal, Jr. as a named defendant.

violations, fraudulent evictions, and civil rights violations under 42 U.S.C. § 1983. Amended Notice at 10–13.

On July 2, 2024, HSBC filed the instant *Ex Parte* Motion to Remand on the grounds that this Court lacks subject matter jurisdiction. ECF No. 12 ("Motion" or "Mot."). McZeal, Jr. filed an Objection to the Motion being an emergency, ECF No. 16 ("Objection"), as well as a Response to the Motion, ECF No. 17 ("Response").

**III.   Applicable Law**

   **A.  *Ex Parte* Motions**

A successful *ex parte* application must (1) "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) establish "that the moving party is without fault in creating the crisis that requires ex parte relief." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

As for the first requirement, if "drastic harm [towards the movant] is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Id.* (citing *United States v. Nutri–Cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)) In the absence of a showing of drastic harm, "it must be apparent that the underlying motion has a high likelihood of success on the merits." *Mission Power*, 883 F.Supp. at 492.

The second requirement "requires more than a showing that the other party is the sole wrongdoer." *Id.* at 493. The movant must also demonstrate that it has exercised due diligence to the fullest extent possible. *See id; see also In re Intermagnetics America, Inc.*, 101 B.R. 191, 191 (C.D. Cal. 1989).

   **B.  Removal Jurisdiction**

The "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Another possible basis for removal of state action is diversity jurisdiction. *Id.* Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)).

**IV.     Discussion**

   **A.  *Ex Parte* Relief is Warranted[4]**

The Court finds that the two prerequisites for considering an *ex parte* motion have been met: the danger of irreparable prejudice and the movant's complete lack of fault. McZeal, Jr.'s second removal of the action to this Court is duplicative and the resulting delay—as well as those that would arise out of regular noticed schedule—poses financial harm to HSBC as it attempts to recover its property. *Compare* Related Case, ECF No. 1 at 2–3 *with* Amended Notice at 9–10 (raising identical grounds for jurisdiction in both the first and second removal); *see* Mot. at 4 (arguing that the delays have prevented HSBC "from obtaining possession of the premises"). In California, unlawful detainer actions are generally resolved within 45 days of filing, as they are meant to be quick, summary actions. Mot. at 4. But after the district court remanded the case, it appears that McZeal, Jr. concurrently moved the state court for summary judgment and removed the action to this Court, *see* Supplement at 5, without raising any new or proper grounds for federal jurisdiction, *see* Amended

---

[4] Even if *ex parte* relief were unwarranted, this Court would remand the action *sua sponte* for lack of jurisdiction as discussed in subsection B. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("[T]he subject matter jurisdiction of the district court is not a waivable matter and may be raised . . . *sua sponte* by the trial or reviewing court."); *see* Related Case, ECF No. 10 (remanding the matter *sua sponte* for lack of jurisdiction despite a pending *ex parte* motion to remand).

6

Notice at 9–10. As such, the repeated removals result in unnecessary delay. As to the party at fault, the totality of the evidence suggests that McZeal, Jr. bears full responsibility for the near two-year delay since original notice. *See* Related Case; *see also* Amended Notice.[5]

McZeal, Jr. argues that *ex parte* relief is improper for several reasons.[6] First, McZeal, Jr. argues that HSBC failed to comply with Local Rule 7-19 by not providing proper notice to McZeal, Jr. of the impending *ex parte* motion. Response at 17. However, HSBC's counsel, in her declaration, stated that she called McZeal, Jr. at the number listed on the Notice of Removal to inform him of the pending *ex parte*. Mot. at 8, ¶ 3. As such, the Court finds that HSBC attempted, in good faith, to comply with the requirement of Local Rule 7-19.[7] Second, McZeal, Jr. also argues that HSBC has not demonstrated an irreparable harm or immediate danger sufficient to maintain an *ex parte* application. Response at 18. However, as the Court detailed above, HSBC has demonstrated irreparable prejudice in that the repeated delays have prevented HSBC from timely resolving this matter and there was a pending summary judgment motion in the state court. Mot. at 3.[8]

/ / /

---

[5] Even if this Court were to find that HSBC did not meet its burden pursuant to the two requirements in *Mission Power*, that case was decided by a district court and is, therefore, non-binding. The Ninth Circuit has not announced a rule akin to that in *Mission Power* requiring that movants demonstrate that *ex parte* relief is warranted. In fact, the district courts sometimes omit the *Mission Power* analysis when considering *ex parte* applications. *See, e.g., Zest Anchors, LLC v. Geryon Ventures, LLC*, No. 22-cv-230, 2022 WL 4230425 (S.D. Cal. Aug. 11, 2022); *Aecom Energy & Construction, Inc. v. Ripley*, No. 17-5398, 2018 WL 4740329 (C.D. Cal. Sept. 10, 2018); *Xing v. P'ships & Unincorporated Ass'ns Identified on Schedule A,* No. 21-cv-00588, 2021 WL 4812985 (C.D. Cal. Feb. 12, 2021); *Duke v. Kesik*, No. 09-08294, 2009 WL 10674283 (C.D. Cal. Dec. 16, 2009).

[6] McZeal, Jr.'s objection only states that HSBC's *ex parte* motion is not an emergency. *See* Objection. However, McZeal, Jr. does not provide any reason or argument to counter HSBC's argument that its *ex parte* motion *is* an emergency. McZeal, Jr.'s Response, however, includes further elaboration. *See* Response at 18.

[7] Local Rule 7-19 does not include a 48-hour notice period, as McZeal, Jr. argues it does. *See* C.D. Cal. L.R. 7-19 (no time requirement); Response at 18 ("Plaintiff's ex parte application violates Local Rule 7-19, which mandates that the moving party notify the opposing party that opposing papers must be filed no later than 48 hours following service or by 3:00 p.m. on the first court day after service, whichever is later.").

[8] McZeal, Jr. also argues that there could be a conflict of interest, but does not provide the Court with any facts from which the Court can determine if there is a conflict. *See* Response at 24 (noting conflict). Moreover, it is not clear how the conflict would prejudicially affect McZeal, Jr.

### B. Remand is Proper

#### i. The Court lacks federal question jurisdiction over the action.

Turning to the merits of the underlying motion to remand, the Court find that it lacks subject matter jurisdiction. First, the Court finds that there is no federal question jurisdiction. To determine whether there is federal question jurisdiction, courts only look to the plaintiff's complaint, and do not consider any defenses or matters raised in the defendant's answer, a concept known as the well-pleaded complaint rule. *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914) ("But the contention overlooks repeated decisions of this court by which it has become firmly settled that whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose."); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331.").

Here, the Complaint only alleges one cause of action for unlawful detainer arising under California Code of Civil Procedure section 1161a. *See* Compl. It appears that McZeal, Jr. intends to allege counterclaims based on 42 U.S.C. §§ 1981–85 as grounds for federal question jurisdiction. Response at 19 ("The Notice of Removal asserts significant federal claims, including, violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, and the RICO Act. These claims present substantial federal issues, establishing federal question ~ jurisdiction under 28 U.S.C. § 1331"), 21 ("The claims brought forth by Defendant [referring to claims under 42 U.S.C. §§ 1981, 1983, 1985] raise substantial questions of federal law, thereby establishing federal question jurisdiction under 28 U.S.C. § 1331"). However, under the well-pleaded complaint rule, a court may not consider counterclaims in determining whether the court has federal question jurisdiction over an action. *Holmes Grp.*, 535 U.S. at 831–32.[9]

---

[9] 42 U.S.C. §§ 1981–85 and the RICO Act provide for causes of action as a *plaintiff*, not *affirmative defenses* as a defendant. However, whether a defendant asserts counterclaims or affirmative defenses as grounds for subject matter jurisdiction, the result is the same—neither a defense nor a counterclaim is considered in the

McZeal, Jr. also argues that the true nature of HSBC's claim concerns property rights, and as such, removal is proper:

> The current state court action, filed by HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates, Series 2007-1, is mischaracterized as an unlawful detainer action. In reality, this case involves a complex property dispute arising from an alleged 'Stealth Foreclosure' conducted without proper notice to the true owner, Alfred McZeal, Jr. This mischaracterization serves to obscure the substantive legal issues at stake, including significant constitutional and property rights violations. The true nature of this case as a property dispute, rather than a simple eviction matter, necessitates its removal to federal court where these critical issues can be appropriately addressed.

Amended Notice at 9. However, McZeal, Jr. does not point to any federal law or constitutional right that he claims is at the center of *HSBC's* claim, and it is not enough to merely argue that HSBC's claims concern federal questions. McZeal, Jr. also states that the "case involves substantial property disputes and constitutional violations." Amended Notice at 10. However, the only federal rights he points to are the ones that he seeks to vindicate in his counterclaims. But again. the well-pleaded complaint rule does not allow the Court to take McZeal, Jr.'s counterclaims into consideration in determining whether the case is one that arises under federal law. *Holmes,* 535 U.S. at 830. For these reasons, a federal question does not exist before the Court in the present matter.

    ii.  <u>The Court lacks diversity jurisdiction over the matter.</u>

Nor has McZeal, Jr. carried his burden of showing that the Court has diversity jurisdiction over the action. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) (noting that the party asserting diversity jurisdiction bears the burden of proof). One of the requirements for diversity jurisdiction is that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For removals under diversity jurisdiction, the district court first considers whether it is "facially apparent" from the complaint that at least $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Here, from the face of the Complaint, the amount in controversy requirement is not met. The Complaint states that damages are limited to an amount less than $10,000, well below the required

---

well-pleaded complaint rule. *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

amount. Compl. at 1. McZeal, Jr. argues that the foreclosure sale amount ($981,441.96)[10] plus damages due to his civil rights claims, results in an amount in controversy that exceeds the jurisdictional threshold. Response at 16. However, unlawful detainer actions generally concern the right to possession, not the right to title. *See Evans v. Superior Court*, 67 Cal. App. 3d 162, 169 (1977) ("At common law the sole issue in an unlawful detainer action was the right to possession, a tenant being estopped to challenge his landlord's claim of title. The essence of the statutory action, too, is a right to possession and remains summary in character[.]"). While title may come up as an affirmative defense that would defeat the landlord's right to possession, *Coyne v. De Leo*, 26 Cal. App. 5th 801, 805 (2018), the amount in controversy is calculated without regard to any setoff or counterclaim to which the defendant may be entitled. *See Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 142 (9th Cir. 1975) (holding that amount owed to defendant could not subtracted from amount plaintiff requested from defendant in plaintiff's complaint). As such, the Court does not consider the $981,441.96 in damages McZeal, Jr. alleges he is entitled to as a result of his counterclaims. Because the $75,000 requirement has not been met, diversity jurisdiction does not exist over the instant case.[11]

## V. **Conclusion**

For the foregoing reasons, HSBC's *Ex Parte* Motion to Remand is GRANTED.

IT IS SO ORDERED.

Dated: August 14, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[10] It appears that McZeal, Jr. intends to state a claim that the foreclosure sale was somehow wrongful, and as such, title to the Subject Property is at issue.

[11] Because the Court finds that the amount in controversy requirement has not been met, the Court need not consider whether there is diversity of citizenship.